UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. VECHERY ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:05CV02418 |
| ) | Judge Rosemary M. Collyer |
| BONNEVILLE INTERNATIONAL ) | |
| CORPORATION, et al. ) | |

**MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF BASEBALL EXPOS,
L.P.'S MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION**

The Maryland citizenship of one of the limited partners of Defendant Baseball Expos, L.P. prevents complete diversity of citizenship as required by 28 U.S.C. § 1332(a)(1). Since Plaintiff is also a Maryland citizen, Plaintiff and Defendant Baseball Expos, L.P. are not citizens of different states and this Court has no diversity jurisdiction.

The Citizenship of Baseball Expos, L.P.

Plaintiff admits in paragraph 4 of the Complaint for Damages that he is a citizen of the State of Maryland. Defendant Baseball Expos, L.P., known as the Washington Nationals, is a Delaware limited partnership which, as has become fairly well known, is owned by the 29 other Major League Baseball clubs. The sole general partner of Baseball Expos, L.P. is a Delaware corporation. Each Major League Baseball club is a limited partner of Baseball Expos, L.P. One of those limited partners is Baltimore Orioles, L.P. That entity has one general partner which is a Maryland corporation. Baltimore Orioles, L.P. also has numerous individual limited partners, many of whom are citizens of the State of Maryland.[1]

---

[1] *See* Declaration of Thomas Ostertag, attached hereto as Exhibit 1.

### Since the Citizenship of Each Limited Partner of Baseball Expos, L.P. Must be Considered for Determining Complete Diversity, Plaintiff Cannot Establish Diversity Jurisdiction

Plaintiff alleges in paragraph 2 of the Complaint for Damages that he seeks to invoke the diversity jurisdiction of the Court. Plaintiff alleges in paragraph 6 that Baseball Expos, L.P. is a partnership organized and existing under the laws of the State of Delaware and the District of Columbia, that it has a principal place of business in New York and that it owns, manages and operates a baseball team in the District of Columbia. Those allegations are irrelevant to determining whether there is complete diversity jurisdiction under 28 U.S.C. § 1332(a)(1). To determine the "citizenship" of a limited partnership, the Court must examine the citizenship of all general and limited partners of the limited partnership. *C.T. Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-197 (1990) (holding that complete diversity does not exist when one member of a limited partnership is a citizen of the same state as one of the opposing parties); *Burton v. Coburn*, No. Civ.A. 04-965, 2005 WL 607912, at *1-2 (D.D.C. Mar. 16, 2005);[2] *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 178 (D.D.C. 2003).

Based on the citizenship of one of the limited partners of Baseball Expos, L.P., Plaintiff cannot establish diversity jurisdiction. One of the limited partners of Baseball Expos, L.P. is itself a limited partnership; therefore, the citizenship of the general and limited partners of that entity, Baltimore Orioles, L.P., must be examined. As noted, the general partner and several limited partners of Baltimore Orioles L.P. are citizens of the State of Maryland. As such, there is no complete diversity with Plaintiff, this Court lacks jurisdiction and the matter should be dismissed in accordance with Rule 12(b)(1).

---

[2] *See* attached Exhibit 2.

Dated: January 26, 2006

                                                    Respectfully submitted,

                                                    _____/S/_____
                                                    Paul R. Monsees, D.C. Bar No. 367138
                                                    Wendy Arends
                                                    FOLEY & LARDNER LLP
                                                    3000 K Street, N.W., Suite 500
                                                    Washington, D.C. 20007
                                                    (202) 672-5342

                                                    Attorneys for Defendant Baseball
                                                    Expos, L.P.