

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 607912 (D.D.C.)
**(Cite as: 2005 WL 607912 (D.D.C.))**

Page 1

<u>Motions, Pleadings and Filings</u>

Only the Westlaw citation is currently available.

United States District Court, District of Columbia.
Philip W. BURTON, Jr., Plaintiff,
v.
Barry COBURN, et. al Defendants.
**No. Civ.A. 04-965(RBW).**

March 16, 2005.

<u>William W. Osborne, Jr.</u>, Osborne Law Offices, P.C., Washington, DC, for Plaintiff.

<u>Aaron L. Handleman</u>, <u>Michael Philip Freije</u>, Eccleston & Wolf, P.C., Washington, DC, for Defendants.

*MEMORANDUM OPINION*
WALTON, J.

**\*1** Currently before the Court is the plaintiff's Motion to Remand, [D.E. # 2] this case to the Superior Court of the District of Columbia ("Superior Court"), the defendants' opposition thereto, and the plaintiff's reply. For the reasons set forth below, the plaintiff's motion is granted.

I. *Background*

The plaintiff originally filed this action for legal malpractice, breach of fiduciary duty and breach of contract in the Superior Court. Notice of Removal ("Not.Rem.") at 1-2. The defendants, Barry Coburn, Lisa Freiman Fishberg, and Coburn & Schertler, LLP ("Coburn & Schertler"), removed this matter from the Superior Court to this Court pursuant to <u>28 U.S.C. §§ 1332</u>, <u>1441</u>-<u>1452 (2000)</u>. *Id.* at 1. The plaintiff contends that this Court lacks subject matter jurisdiction because "there is not complete diversity of citizenship between the plaintiff and each of the members of defendant Coburn & Schertler." Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand ("Pl.'s Mem.") at 4. [FN1] Specifically, the plaintiff contends that complete diversity of citizenship is lacking since one of the members of the defendant partnership, Coburn & Schertler, and the plaintiff are citizens of Virginia. *Id.* at 6. The defendants claim that this case is

removable pursuant to <u>28 U.S.C. § 1332</u>, asserting that complete diversity of citizenship exists and the amount in controversy exceeds $75,000. *Id.* at 2.

<u>FN1.</u> Additionally, the plaintiff posits that removal on diversity grounds is also precluded by <u>28 U.S.C. § 1441(b)</u> "because at least one of the parties 'is a citizen of the State in which such action [was] brought.' " Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand ("Pl.'s Mem.") at 4. The Court need not address this argument in light of its disposition of the plaintiff's other position.

II. *Analysis*

A. Diversity Pursuant to <u>28 U.S.C. § 1332</u>

Pursuant to <u>28 U.S.C. § 1332(a)</u>, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States...." Here, the amount of pecuniary losses in controversy is estimated to be approximately $484,693. Plaintiff's Complaint ("Compl.") at 10. Thus, the amount in controversy exceeds the jurisdictional prerequisite of $75,000. This matter also involves a controversy between citizens of different states because the plaintiff is a citizen of Virginia, and the defendants, Barry Coburn and Lisa Fishberg, are citizens of Maryland. Pl.'s Mem. at 6 & Declaration of William W. Osborne, Jr., counsel for the plaintiff ("Osborne Decl.") ¶ 1. However, the third named defendant, Coburn & Schertler, is located in the District of Columbia, and the Court must therefore determine the citizenship of the law firm, in its assessment of whether diversity jurisdiction pursuant to <u>28 U.S.C. § 1332(a)</u> exists.

A "**limited partnership association--although possessing 'some of the characteristics of a corporation' ... may not be deemed a 'citizen' under the jurisdictional rule established for corporations.**" *<u>Carden v. Arkoma Assocs.,</u> <u>494 U.S. 185, 189, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990)</u>*. The Supreme Court has "firmly resisted extending [the well-established rule treating corporations as citizens] to other [artificial] entities." *Id.* (citation omitted); *see also*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT 2**



Not Reported in F.Supp.2d                                                                                                     Page 2
Not Reported in F.Supp.2d, 2005 WL 607912 (D.D.C.)
**(Cite as: 2005 WL 607912 (D.D.C.))**

_Johnson-Brown v. 2200 M St. L.L.C._, 257 F.Supp.2d 175, 178 (D.D.C.2003) (rejecting attempts to extend corporate citizenship to limited partnerships or limited-partnership associations and concluding that partnerships carry the citizenship of their members); _accord Hoffman v. Fairfax County Redev. and Hous. Auth._, 276 F.Supp.2d 14, 18 (D.D.C.2003) (noting that limited liability companies like partnerships do not enjoy corporate citizenship for purposes of diversity and instead carry the citizenship of its members). "**[D]iversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members[.]' "** _Carden_, 494 U.S. at 195 (citation omitted). Thus, "the Court may consult the citizenship of [no] less than all of the entity's members" in determining whether there is complete diversity. _Id._

*2 Here, defendant Coburn & Schertler is a limited liability partnership, thus diversity jurisdiction depends on the citizenship of all its members. _Johnson-Brown_, 257 F.Supp.2d at 178 (citing _Carden_, 494 U.S. at 195-96). One of the partners of Coburn & Schertler, by the defendants' own admission, is a citizen of Virginia, Def.'s Opp'n at 2; _see also_ Osborne Decl. ¶ 5, and because the plaintiff is also a citizen of Virginia, complete diversity of all of the parties is lacking. Therefore, jurisdiction is not vested in this Court. _See Caterpillar, Inc. v. Lewis_, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (28 U.S.C. § 1332(a) applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant); _Carden_, 494 U.S. at 187 ("**Since its enactment, we have interpreted the diversity statute to require 'complete diversity' of citizenship.**") Accordingly, the plaintiff's Motion to Remand must be granted.

B. Award of Costs and Expenses

"[T]he Court 'may require payment of just costs and any actual expenses, inlcuding attorney fees, incurred as a result of the removal.' " _Johnson-Brown_, 257 F.Supp.2d at 180 (citing 28 U.S.C. § 1447(c)). "The imposition of costs and expenses is at the [C]ourt's discretion." _Id. at 181_ (citing _Weigert v. Georgetown Univ._, 43 F.Supp.2d 5, 7 (D.D.C.1999). Courts have uniformly held that "a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to

remove the case to federal court." _Id._ Thus, "if non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses incurred as a result of the removal." _Id._ (citations omitted).

Here, the defendant's arguments for removal--that complete diversity exists-- defies firmly established principles of law. The law is well settled that diversity jurisdiction depends on the citizenship of all the members of a partnership. _Carden_, 494 U.S. at 195; _Johnson-Brown_, 257 F.Supp.2d at 178 (partnerships carry the citizenship of their members). It is difficult for this Court to fathom that the defendants could have in good faith misconstrued the law in this area. It is equally obvious that based on the citizenship of the members of Coburn & Schertler, complete diversity does not exist. Accordingly, because the defendant's petition for removal defies well-settled law, this Court will require the defendants to pay the plaintiff's costs and actual expenses incurred in challenging the removal. _Id. 181_ (citing 28 U.S.C. § 1447(c)). [FN2]

> FN2. An Order consistent with this Memorandum Opinion is being issued contemporaneously herewith.

SO ORDERED.

Not Reported in F.Supp.2d, 2005 WL 607912 (D.D.C.)

**Motions, Pleadings and Filings** (Back to top)

• 2004 WL 2683866 (Trial Motion, Memorandum and Affidavit) Plaintiff's Reply to Defendants' Opposition to Motion to Remand (Jun. 25, 2004)

• 1:04cv00965 (Docket) (Jun. 14, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.